# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7530 / 01 C 9495 | DATE | 12/17/2002 |
| CASE TITLE | Hector Manjarrez vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION: The motions of Hector Manjarrez to dismiss case No. 01 C 9495, or, in the alternative, for summary judgment on that case are denied. Further, his motion for summary judgment on case No. 01 C 7530 is also denied. His motions in each case for the return of the property are denied.
These consolidated cases are set for a status conference on January 15, 2003 at 10:30 a.m. to set for trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 19 2002 date docketed | 18 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/18/2002 date mailed notice | |
| AMM courtroom deputy's initials | | 02 DEC 18 PM 4:44 date/time received in central Clerk's Office | AMM mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR MANJARREZ, | ) | |
| | ) | |
| Plaintiff-Claimant, | ) | Nos. 01 C 7530 |
| | ) | 01 C 9495 |
| | ) | (consolidated) |
| v. | ) | |
| | ) | Hon. John F. Grady |
| UNITED STATES OF AMERICA | ) | |
| DEPARTMENT OF THE TREASURY | ) | |
| U.S. CUSTOMS SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED DEC 1 9 2002

## MEMORANDUM OPINION

Hector Manjarrez, plaintiff-claimant in case No. 01 C 7530, is seeking return of $218,780.00 in United States currency that was seized from him by United States Customs agents. In case No. 01 C 9495, the United States is seeking to forfeit that same currency. The consolidated cases are now before the court on Manjarrez's motion to dismiss case 01 C 9495 for lack of jurisdiction, his motion for summary judgment on both cases, and his motion for return of the property.

The forfeiture complaint in case No. 01 C 9495 sets out the government's version of the facts in some detail. On June 26, 2001, Manjarrez was under surveillance as a suspected drug trafficker. He was arrested for a speeding violation, and a black suitcase was found in the automobile he was driving. A dog trained in the detection of currency "alerted" to the suitcase. Manjarrez

told the arresting officers that the suitcase was not his and that he did not know what was in it. Customs Agent Rudy Medrano then opened the suitcase and found $218,780.00 in twenty-dollar bills, as well as clothing belonging to Manjarrez. At that point, "Manjarrez stated that the currency and suitcase did not belong to him, and that someone had set him up." (Complaint ¶ 12).

The legal issues before the court revolve around the failure of the government to send Manjarrez a notice of forfeiture within the time provided by 18 U.S.C. § 983(a). The parties agree that the notice should have been sent no later than September 25, 2001, and it was not sent until September 27, 2001, two days late. Manjarrez argues that this tardiness required the government to return the currency to him, and, because it failed to do so, it lost its right to file a civil forfeiture action. He bases the argument on the section of the statute that requires return of the property in the event timely notice has not been sent, but "without prejudice to the right of the government to commence a forfeiture proceeding at a later time." 18 U.S.C. § 983(a)(1)(F).[1] A "later time," in Manjarrez's view, necessarily means a time subsequent to the return of the property. Because the property has never been returned, the argument goes, that "later time" has never arrived,

---

[1] This section of the statute also provides that "[t]he Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess." We will discuss this provision at a later point in this opinion. Manjarrez argues that the provision has no application to the currency, and that the government had an unqualified obligation to return the currency to him due to its failure to send the notice in a timely fashion.

and therefore no forfeiture action can be filed.

We disagree. The statute does not state that return of the property is a prerequisite to a forfeiture action. It simply says that the return of the property will not <u>prejudice</u> a later filing of a forfeiture action. If the statute did not contain such a proviso, it might be argued that a return of the property would amount to an election by the government not to pursue a forfeiture. The "without prejudice" language seems designed to foreclose such an argument.

In any event, we see no reason to give 18 U.S.C. § 983(a)(1)(F) the restrictive interpretation that Manjarrez does. Saying that returning the property does not prevent the later filing of a forfeiture action is very different from saying that returning the property is a jurisdictional prerequisite to the later filing of a forfeiture action. Had Congress intended to bar a forfeiture action in the event the government should fail to return the property, we believe it would have done so explicitly.

Although the government has not adequately addressed the meaning of the statutory provision that it need not return "contraband or other property that the person from whom the property was seized may not legally possess," we think the exception may apply here. Manjarrez argues there is nothing illegal about possessing genuine United States currency, and, under ordinary circumstances, that is true. However, the situation in

this case is not ordinary. The facts alleged in the forfeiture complaint are suggestive of drug money. Whether it was in fact drug money is, of course, the very issue involved in the forfeiture case. Without an evidentiary hearing, we are unable to decide whether the statutory exception for "contraband or other property that the person ... may not legally possess" does or does not apply. The forfeiture complaint alleges that the currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). That statute describes certain classes of property which are "subject to forfeiture to the United States and no property right shall exist in them." The list includes all monies traceable to drug transactions. If it turns out that the currency seized in this case is traceable to drug trafficking, then Manjarrez can have no property right in it and the currency is forfeitable to the United States. In that event, it appears to us that the currency would be property that Manjarrez "may not legally possess," so that the government would never have had an obligation to return it to him.

We think that, at the least, a genuine factual issue is presented as to whether the government was required to return the currency to Manjarrez.[2]

Manjarrez has another argument as to why the forfeiture action

---

[2] It would make no sense to "return" the property to Manjarrez pending trial, because any return we would order in these circumstances would be a technical one, such as ordering the deposit of the money with the Clerk of the Court. We agree with the government that it would be imprudent to turn the money over to Manjarrez.

must be dismissed. In his view, the government missed the 90-day limitations period which starts when the claimant to the property files his administrative claim. If the government does not file a judicial forfeiture complaint within 90 days after the administrative claim is filed, or else return the property, then the government "shall promptly release the property ... and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B). Manjarrez argues that he filed his administrative claim on October 26, 2001, so that the deadline for filing of a forfeiture complaint was January 24, 2002, "with no valid complaint being filed." Manjarrez Memo, ¶ 12. His point, we gather, is that although the forfeiture complaint was filed on December 12, 2001, within the 90 days, it was not a "valid" complaint because the currency had not been returned to Manjarrez before the complaint was filed.

We have already rejected Manjarrez's argument that return of the property is a prerequisite to the filing of a forfeiture complaint. But there is an additional problem with his argument. The 90-day limitation period begins to run upon the filing of a claim, and, as we see it, no claim was ever filed. The statute specifies the essential elements of a claim. It must "identify the specific property being claimed," "state the claimant's interest in such property," and must "be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C). The document Manjarrez relies

on as his claim was not signed by him, but by his attorney. It alleges that Manjarrez "is the owner of the United States currency." Recall that, according to the verified complaint in the forfeiture case, Manjarrez denied at the time of the seizure that he owned the currency. This highlights the importance of the requirement that the claim be under oath. The document of October 26, 2001 is signed only by Leonard C. Goodman, as "attorney for Hector Manjarrez." Mr. Goodman was not in a position to verify the claim, nor did he purport to do so. In no way can the document be regarded as a claim made under the oath of anyone, let alone the oath of Mr. Manjarrez.

The government's memorandum does not address the significance of the fact that no claim within the meaning of 18 U.S.C. § 983(a)(2)(C) has been filed by Manjarrez. At this point, we will only note that the 90-day limitation period for the filing of a forfeiture complaint has apparently never begun to run.

## CONCLUSION

The motions of Hector Manjarrez to dismiss case No. 01 C 9495, or, in the alternative, for summary judgment on that case are denied. His motion for summary judgment on case No. 01 C 7530 is also denied. His motions in each case for the return of the property are denied.

These consolidated cases are set for a status conference on January 15, 2002 at 10:30, to set for trial.

Date:   December 17, 2002

ENTER:  _____
        John F. Grady, United States District Judge